CHARLES ROSENBAUM ET AL. v. MARY E. HAMMACK ET AL.

[51 South. 213.]

CHANCERY PLEADINGS AND PRACTICE. *Decree must conform to object and prayer of bill.*

Where the object of a suit in equity was to cancel deeds to land executed in fraud of complainant's rights and for an accounting for rents, and the prayer of the bill conformed to the objects of the suit, a decree awarding complainants a money recovery only, having no relation to rents, is erroneous as not being responsive to the pleadings.

FROM the chancery court of Kemper county.
HON. JAMES F. McCOOL, Chancellor.

Mrs. Hammack and others, appellees and cross-appellants, were complainants in the court below; Rosenbaum and others, appellants and cross-appellees, were defendants there. The decree of the court below was unsatisfactory to both parties and each appealed to the supreme court.

The object of the suit was to cancel deeds to land as having been executed in fraud of complainants' rights and the bill prayed therefor, together with an accounting for rents.

The decree of the court below awarded a money recovery to some of the complainants, having no reference to rents, and making the same a lien on the land. The Robert A. Hammack mentioned in the opinion of the court was a party to the fraudulent scheme under which the deeds were executed, and the Mrs. Giles therein mentioned, had parted with her interest in the lands.

*T. W. Brame* and *L. Brame,* for appellants and cross-appellees.

The opinion of this court in the case of *Gardner v. Hinton,* 86 Miss. 604, 38 South. 779, is a conclusive argument in favor of the appellants here. See also *Jones v. Rogers,* 85 Miss. 802, 38 South. 742.

If the statute of limitations, with its beneficent purpose of giving repose to titles and preventing vexatious law suits after the lapse of years, does not apply, then filing the bill in this case could have been delayed fifty years longer.

*H. H. Brooks* and *A. T. Dent,* for appellees and cross-appellants.

The trust deed executed on the lands in controversy by R. A. Hammack and the deed executed by R. A. Hammack, agent and attorney in fact, are void, under the following authorities: *Stokes v. Payne,* 58 Miss. 614; 31 Cyc. 1364, citing *Hazlehurst v. Rathgeb,* 119 Cal. 531, 63 Am. St. Rep. 142; *Gallinsky v. Allison,* 114 Cal. 458, 46 Pac. 295; *Salem National Bank v. White,* 159 Ill. 136; *Hoyt v. Jackquess,* 129 Mass. 286; *Ferry v. Liable,* 31 N. J. Eq. 566; *Campbell v. Home Association,* 63 Pa. St. 609; *Minnesota Stoneware Co. v. McCrossen,* 110 Wis. 316; *Wood v. Goodridge,* 6 Cush. (Mass.)

117, 52 Am. Dec. 711; *Haldenby v. Spofforth,* 1 Beav. 390;
*Morris v. Watson,* 15 Minn. 212; *Albany Fire Ins. Co. v. Bay,*
4 N. Y. 9; *Blooner v. Waldron,* 3 Hill (N. Y.), 367; 18 Am.
& Eng. Ency. of Law (1st ed.) 940; Perry on Trusts, sec.
768; *Patapsco Guano Co. v. Morrison,* 2 Mod. U. S. 395;
*Buller v. Gozzram,* 81 Ala. 491; *Hubbards v. German Catholic
Congregation,* 34 Iowa, 31; *Switzer v. Wilbers,* 24 Kan. 384.

The relief prayed for in the original bill should have been
granted.

Argued orally by *L. Brame,* for appellants and cross-appellees.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony in this case shows a clear case of fraudulent
conspiracy among Robert Hammack, C. Rosenbaum, and J.
W. West, Jr., to sell the land belonging to the father of Robert
Hammack, by virtue of the power of attorney executed by
Robert Hammack's father to Robert Hammack, for the purpose
of paying Robert Hammack's individual debt to Rosenbaum.
The evidence fails entirely to establish the claim of West that
he was an innocent purchaser for value without notice. The
learned chancellor below found this to be the state of facts, but
the decree rendered was not responsive to the pleadings at all.
He rendered a personal decree, for so much money, against the
three appellants.

On the direct appeal, the decree is reversed, for this reason:
that the proper decree was not entered in favor of the appellees
and the cross-appellants. The prayer of the bill was for a can-
cellation of the deed from Robert Hammack to Rosenbaum, and
a subsequent deed from Rosenbaum to J. W. West, Jr., and for
an accounting of the rents, etc., on one side, and improvements
on the other.

On the cross-appeal, therefore, the decree is also reversed, and
the cause is remanded to the court below, with directions to enter

there a decree canceling these deeds, except as to the interest of
R. A. Hammack and Mrs. Lawrence Giles, and referring the
cause to a master, to take and state an account between the par-
ties as to rents, improvements, etc.

*Reversed.*